**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-11160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBYN MILES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-99-9

Before PRADO, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robyn Miles appeals the 65 month sentence imposed following her guilty plea conviction for conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

Miles argues that the district court erred by enhancing her base offense level by two levels for possession of a dangerous weapon under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(b)(1). Because there is evidence that Miles's coconspirator possessed a firearm during the course of the conspiracy and that Miles saw and heard about the coconspirator's gun, the district court did not clearly err by finding that Miles's codefendant's possession of a dangerous weapon was reasonably foreseeable to her. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765 (5th Cir. 2008); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).

Miles argues that the district court erred in denying her a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The record shows that the district court did not deny acceptance of responsibility in retaliation for Miles's objections to the presentence report. The district court adopted the addendum to the presentence report and determined that Miles's objections conflicted with her prior statements to law enforcement authorities. The district court's finding that Miles had frivolously contested relevant conduct is not clearly erroneous, and its decision to deny a reduction for acceptance of responsibility is not without foundation. *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002).

AFFIRMED.